115103/4

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.**

WILHELM STEIN,

Plaintiff,

v.

AMERICAN HOME
ASSURANCE COMPANY,

Defemdant.
______________________________________/

**NOTICE OF REMOVAL**

COMES NOW, Defendant, AMERICAN HOME ASSURANCE COMPANY (hereinafter "AMERICAN HOME"), through its undersigned counsel, and hereby files its Notice of Removal and states as follows:

1. AMERICAN HOME is a Defendant in a civil action brought by Plaintiff, WILHELM STEIN (hereinafter "STEIN"), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (hereinafter "State Court"), which is within the geographical jurisdiction of the United States District Court for the Southern District of Florida, Miami Division. Plaintiff's Complaint was served on AMERICAN HOME on or about March 31, 2011.

2. The case brought by Plaintiff in State Court is filed under Case Number 11-08702 CA 32 and styled as: *WILHELM STEIN, Plaintiff, V. AMERICAN HOME*

*ASSURANCE COMPANY, Defendant.* Complete copies of all process, pleadings and orders served upon AMERICAN HOME in that case are attached to this Notice of Removal, pursuant to 28 U.S.C. §1446(a) as **Composite Exhibit "A,"** and incorporate by reference herein.

3. At all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida.[1] Upon information and belief, Plaintiff was and is a citizen of the State of Florida at all times material to this cause.

4. At all times material hereto, AMERICAN HOME was and is a foreign insurance company organized and existing under the laws of the State of New York, with its principal place of business in New York.[2]

5. Plaintiff's Complaint seeks damages against AMERICAN HOME for an alleged breach of an insurance contract issued by AMERICAN HOME to Plaintiff. At the time of the filing of Plaintiff's Complaint, the Complaint solely averred damages exceeding $15,000.00.[3]

6. AMERICAN HOME served its First Set of Interrogatories on Plaintiff on April 20, 2011. On May 20, 2011, Plaintiff served its Answers to AMERICAN HOME'S

---

[1] Complaint, ¶ 2, a copy of which can be found as part of the attached Composite Exhibit "A."

[2] Complaint ¶ 3, a copy of which can be found as part of the attached Composite Exhibit "A."

[3] ¶1, Plaintiff's Complaint.

First Set of Interrogatories. In response to AMERICAN HOME'S request to identify the total amount of damages Plaintiff was claiming in this litigation, Plaintiff alleged it did not have a complete estimate of his damages; however, an estimate was forthcoming.[4] Subsequently, on June 1, 2011, Plaintiff's counsel produced an estimate for Plaintiff's claimed damages to counsel for Defendant, via email.[5] Plaintiff's estimate totals $174,578.49 and clearly evidences the amount in controversy exceeds the $75,000.00 jurisdictional amount for diversity cases required pursuant to 28 U.S.C. §1332(a).

7. This action is a suit between citizens of different countries and/or states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest, costs, and attorney's fees.

8. Pursuant to 28 U.S.C. §1441 *et seq.*, AMERICAN HOME is entitled to remove this action because this Honorable Court has original jurisdiction based upon diversity of citizenship, as provided in 28 U.S.C. §1332.

9. AMERICAN HOME received Plaintiff's estimate for damages illustrating the amount in controversy exceeded $75,000.00 on June 1, 2011. These "papers" constituted the first time AMERICAN HOME was able to ascertain that this case is one

---

4 A copy of Defendant's First Set of Interrogatories and Plaintiff's Response to Defendant's First Set of Interrogatories, bearing a certificate of service date May 20, 2011, are attached hereto as **Composite Exhibit "B"** and are incorporated by reference herein.

5 A copy of Plaintiff's counsel's email and the attached estimate are attached hereto as **Composite Exhibit "C."** The contents of the email communication have been redacted to preserve the settlement communications privilege.

which is or has become removable and this time is less than one year after commencement of this action. Accordingly, this Notice of Removal was timely filed within thirty (30) days from receipt of said papers, pursuant to 28 U.S.C. §1446(b).

10. Promptly after filing this Notice of Removal, AMERICAN HOME gave written notice of the filing of this Notice of Removal to Plaintiff, pursuant to 28 U.S.C. §1446(d), by mailing a copy to its attorney of record: Michael J. Higer, Esquire, Higer Lichter & Givner L L P, 18305 Biscayne Boulevard, Suite 402, Aventura, FL 33180

11. Promptly after filing this Notice of Removal, AMERICAN HOME also filed a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, pursuant to 28 U.S.C. §1446(d).

12. AMERICAN HOME respectfully requests that the civil action filed by Plaintiff in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case Number 11-08702 CA 32 and styled as: *WILHELM STEIN, Plaintiff, V. AMERICAN HOME ASSURANCE COMPANY, Defendant*, be removed to this Honorable Court as provided by 28 U.S.C. §1441 *et seq.* and that this Honorable Court accept subject matter jurisdiction over this action.

WHEREFORE, Defendant, AMERICAN HOME ASSURANCE COMPANY, prays that this civil action filed by Plaintiff be removed to this Honorable Court as provided by 28 U.S.C. §1441 *et seq.*, and that this Honorable Court accept subject matter jurisdiction over this action.

CASE NO.
NOTICE OF REMOVAL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **June 14, 2011**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: **/s/Marc J. Gutterman**

Marc J. Gutterman, Esquire
Florida Bar No. 118818
Dean R. Mallett, Esquire
Florida Bar No. 63293
CONROY, SIMBERG, GANON, et al
Attorneys for AMERICAN HOME
3440 Hollywood Boulevard
Second Floor
Hollywood, Florida 33021
Telephone: 954.961.1400
Facsimile: 954.967.8577
E-mail: gutterman@conroysimberg.com
E-mail: dmallett@conroysimberg.com

## SERVICE LIST

Michael J. Higer, Esquire
Higer Lichter & Givner, LLP
18305 Biscayne Boulevard, Suite 402
Aventura, Florida 33180