Composite Exhibit "A"

115103/3

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 11-08702 CA 32

WILHELM STEIN,

      Plaintiff,

v.

AMERICAN HOME ASSURANCE
COMPANY,

      Defemdant.

_____/

## DEFENDANT'S PRIVILEGE LOG

COMES NOW, Defendant, AMERICAN HOME ASSURANCE COMPANY (hereinafter "AMERICAN HOME"), by and through the undersigned counsel, and hereby serves this, its Privilege Log, pursuant to Rule 1.280, Florida Rules of Civil Procedure:

| #Pages | Date | Author | Recipient | Description | Objection[1] |
|--------|------|--------|-----------|-------------|-----------|
| 7 | 3/16/11-3/21/11 | American Home | American Home/Counsel for American Home | Claim File Activity Email Correspondence | W-P; A-C; NRC |
| 36 | 2/1/11-Present | American Home | American Home | Claim File Activity Log | W-P; NRC |

[1]    Legend:

    "W-P" :     Work-Product Privilege
    "NRC" :     Not reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause.
    "A/C" :     Attorney/Client Privilege

CASE NO. 11-08702 CA 32
DEFENDANT'S PRIVILEGE LOG

| # Pages | Date | Author | Recipient | Description | Objection[1] |
|---|---|---|---|---|---|
| 2 | 3/16/11 | American Home | American Home | Claim File Activity Email Correspondence | W-P; NRC |
| 1 | 3/2/11 | American Home | American Home | Claim File Activity Email Correspondence | W-P; NRC |
| 10 | 2/7/11-3/2/11 | American Home | American Home | Claim File Activity Email Correspondence | W-P; NRC |
| 3 (partially redacted and produced) | 2/25/11 | American Home | American Home | Claim File Activity Email Correspondence | W-P; NRC |
| 5 | 2/3/11-2/24/11 | American Home | American Home | Claim File Activity Email Correspondence | W-P; NRC |
| 1 | 2/2/11 | American Home | Rimkus | Claim File Activity Email Correspondence | W-P; NRC |
| 1 | 2/2/11 | American Home | American Home | Claim File Activity Email Correspondence | W-P; NRC |
| 5 | Undated | American Home | American Home | Regulation Summary | W-P; NRC |

2

**CASE NO. 11-08702 CA 32**
**DEFENDANT'S PRIVILEGE LOG**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to: Michael J. Higer,

Esquire, Higer Lichter & Givner L L P, 18305 Biscayne Boulevard, Suite 402, Aventura,

FL 33180 by U.S. Mail on this _20_ day of ___MAY___, 2011.

> CONROY, SIMBERG, GANON,
> KREVANS, ABEL, LURVEY, MORROW &
> SCHEFER, P.A.
> Counsel for
> 3440 Hollywood Boulevard
> Second Floor
> Hollywood, FL 33021
> Telephone: 954.961.1400
> Facsimile: 954.967.8577
>
>
> By: _____
> Marc J. Gutterman, Esquire
> Florida Bar No. 118818
> Dean R Mallett, Esquire
> Florida Bar No. 63293

3

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Wilhelm Stein,

      Plaintiff,

CASE NO.: **1 1 - 0 8 7 0 2 CA 3 2**

                                       **C.JACOBY**

vs.

                                **SUMMONS**

American Home Assurance
Company,

      Defendant.

Served
Date *3-28-11*    Time *10:10 AM*
MCN, No. 111
is a certified process server in the
Circuit and County Courts
in and for the Second Judicial Circuit

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this summons, a copy of the Complaint
and Plaintiff's First Request for Production to Defendant in this action on defendant:

      American Home Assurance Company
      CHIEF FINANCIAL OFFICER AS REGISTERED AGENT
      SERVICE OF PROCESS SECTION
      P.O. BOX 6200
      TALLAHASSEE, FL 32314-6200

Each defendant is required to serve written defenses to the complaint on Plaintiff's
attorney, to-wit: Michael J. Higer, Esquire whose address is: HIGER, LICHTER &
GIVNER, LLP, 18305 Biscayne Blvd., Suite 302, Aventura, FL 33160 within 20 days
after service of this summons on that defendant, exclusive of the day of service, and to
file the original of the defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default
will be entered against that defendant for the relief demanded in the complaint or
petition.   MAR 2 1 2011

DATED ON _____, 2011.

                       HARVEY RUVIN
                       as Clerk of said Court

                       as Deputy Clerk
                       (Court Seal)

ORIGINAL

3/09

**VERIFIED RETURN OF SERVICE**    2472 P

CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
MIAMI-DADE COUNTY, FLORIDA

CASE: 11-08702 CA32
CIVIL DIVISION

20 Day Summons And Complaint
REQUEST FOR PRODUCTION
EXHIBITS

WILHELM STEIN,

vs.
AMERICAN HOME ASSURANCE COMPANY,

ATTORNEY: MICHAEL J. HIGER, ESQ.
18305 BISCAYNE BOULEVARD STE 402 BANK OF
AVENTURA, FL 33160

      I received this writ on Date 03/23/2011 Time 09:00 A.M. to **AMERICAN HOME ASSURANCE
COMPANY, C/O CHIEF FINANCIAL OFFICER AS R/A, SERVICE OF PROCESS SECTION** at, 200 EAST GAINES
STREET Tallahassee Tallahassee FL 32399
 Served same on Date _5-28-11_ Time _10:10 AM_
[✓] Served at original address.
[ ] Served at new address, see comments below.

[ ] OTHER SERVICE: By delivering a true copy of the attached instrument to
_____ as person designated to receive same.  Service by Acceptance.

[✓] CORPORATION: FS 48.081 _Jackie Jones_ As _Senior Clerk_

[ ] GOVERNMENTAL/PUBLIC AGENCY FS 48.111 _____ as _____

[ ] Posted Commercial FS 48.183 Attempts(1) _____ (2) _____

[ ] NO SERVICE: For the reason that diligent search and inquiry failed to locate above
named witness.

COMMENTS: _____
_____
_____
_____

I Acknowledge I am authorized and in good standing in the jurisdiction wherein this process
was served and have no interest in the above action.

Under penalties of perjury, I
declare that I have read the
forgoing document and that the facts
stated in it are true.

WF GREENBERG & COMPANY, LLC.
7040 SEMINOLE PRATT RD SUITE 25-169
LOXAHATCHEE, FL 33470
OFFICE (561) 422-3190

_____ # 111
Print And Sign Name ID
 _MICHAEL C Nolan_
INDEX   37929

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

WILHELM STEIN                          CASE NO.:  11-08702 CA 32

     Plaintiff,

vs.

AMERICAN HOME ASSURANCE
COMPANY,

     Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 1.340, Florida Rules of Civil Procedure, Plaintiffs, Wilhelm Stein, respond to Defendant, American Home Assurance Company's First Set of Interrogatories:

### GENERAL OBJECTIONS

1.     Plaintiff's objections and responses to Defendant's Interrogatories ("Responses") are based on facts and circumstances as they are presently known. Plaintiff has not completed its discovery relating to this case, or its analysis of this action, and has not completed preparation for trial.   Accordingly, the following Responses are provided without prejudice to Plaintiff right to introduce at trial any evidence subsequently discovered.   Plaintiff further reserves the right to supplement these Responses based upon new discovery evidence or information about which Plaintiff are not presently aware, or otherwise as necessary.

## Higer Lichter & Givner

2.     Plaintiff's Responses are based on their understanding and interpretation of Defendant's Interrogatories.  If Plaintiff understand or interpret any of the Interrogatories differently than Defendant, Plaintiff reserve the right to supplement any of its Responses.

3.     Plaintiff objects to Defendant's Interrogatories to the extent that they seek information that is subject to the attorney/client, work-product, or any other applicable privilege or immunity and refuse to produce any such information. Plaintiff do not intend by these Responses to waive any claim of privilege or immunity.  Plaintiff's Responses are conditioned specifically on the understanding that the production of information to which any claim of privilege is applicable shall be deemed inadvertent and do not constitute a waiver of any such claim or privilege.

4.     Plaintiff objects to Defendant's Interrogatories to the extent that they seek information that is publicly available or equally accessible to Defendant as to Plaintiff.

5.     Plaintiff objects to the Interrogatories to the extent that they are duplicative.

6.     Plaintiff objects to the Interrogatories to the extent that they are vague and ambiguous.

7.     Plaintiff objects to the Interrogatories to the extent that they are overly broad and unduly burdensome.

8.     Plaintiff objects to the Interrogatories to the extent that they are not reasonably calculated to lead to the discovery of relevant or admissible evidence.

Higer Lichter & Givner

9.     Plaintiff objects to the Interrogatories to the extent that they seek to impose burdens or duties upon Plaintiff that exceed the scope of permissible discovery under the Florida Rules of Civil Procedure or to the extent that they require Plaintiff to disclose information in violation of state or federal law.

10.     Plaintiff objects to the definition of the terms "you," and "your" and "yours" as overly broad, vague, unduly burdensome and ambiguous to the extent that the Interrogatories call for information beyond the possession, custody or control of Plaintiff, or seek to impose discovery obligations on any individual or entity other than Plaintiff, and to the extent such definitions make reference to persons and entities not under the control of Plaintiff.

11.     Plaintiff objects to each Interrogatory to the extent it calls for a legal conclusion.

12.     Plaintiff objects to all Interrogatories that seek information for periods of time that are not relevant to this litigation.

13.     Plaintiff makes no incidental or implied admissions of fact by responding to the Interrogatories below.  The fact that Plaintiff respond to the Interrogatories herein may not be taken as an admission that Plaintiff accept the existence of any fact set forth or assumed by the interrogatory, or that such response constitutes admissible evidence.  The fact that Plaintiff answer all or part of an Interrogatory is not intended, shall not be construed, and shall not waive all or part of any objection to the Interrogatory.

14.     Plaintiff objects to the Interrogatories to the extent that they: (1) assume or assert accuracy of facts not established in the above-captioned case; (2)

**Higer Lichter & Givner**

3

assume or assert accuracy of the specific definitions provided with the Interrogatories; and (3) mislead as to the nature of the information sought by the Interrogatories by deceptively and improperly using statements in isolation and out of the context.

## SPECIFIC INTERROGATORY RESPONSES

Plaintiff incorporates the foregoing General Objections into each of its Responses below. Subject to the above reservations and objections, and without waiver thereof, Plaintiff further responds to the Interrogatories *seriatim* as follows.

**INTERROGATORY NO. 1:**

What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**ANSWER:**

Wilhelm Stein
c/o Higer Lichter & Givner, LLP
18305 Biscayne Blvd, Suite 302
Aventura, FL 33160

**INTERROGATORY NO. 2:**

Please identify the total amount of damages you are claiming in this litigation.

**ANSWER:**

At this time, Plaintiff does not have a complete estimate of his damages, but an estimate is forthcoming and Plaintiff will amend his answer to Interrogatory No. 2 accordingly.

4

Higer Lichter & Givner

_____

Wilhelm Stein

STATE OF FLORIDA     }
                     }: ss
MIAMI DADE COUNTY }

The foregoing instrument was sworn to and subscribed before me this _____

day of May, 2011, by Wilhelm Stein. He is personally known to me or has produced

_____ as identification.

My commission expires:

Notary Public

Print Name:_____

Respectfully Submitted,

Higer Lichter & Givner, LLP
18305 Biscayne Blvd., Suite 302
Aventura, FL 33160
Telephone: 305-933-9970
Facsimile: 305-933-0998

By: _____
Michael J. Higer
Florida Bar No. 500798
Christopher J. Maranges
Florida Bar No. 69875

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail on this 20th day of May, 2011 to: Marc J. Gutterman, Esq., Conroy, Simberg, Ganon, *et al.*, 3440 Hollywood Boulevard, Second Floor, Hollywood, Florida 33021.

_____
Christopher J. Maranges

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

WILHELM STEIN                          CASE NO.:  11-08702 CA 32

     Plaintiff,

vs.

AMERICAN HOME ASSURANCE                 NOTICE OF HEARING
COMPANY,

     Defendant.

_____/

     PLEASE TAKE NOTICE that Defendants' Motion to Strike filed in the above-styled matter will be called up for hearing before Honorable Valorie R. Manno Schurr, in Chambers at the Dade County Courthouse, 73 West Flagler Street, Room 1105, Miami, Florida, on Thursday, June 23, 2011, at 9:30 a.m. or as soon thereafter same may be heard.

     Movant counsel certifies that a bona fide effort to agree or to narrow the issues on the Motion noticed has been made with opposing counsel or that because of time considerations, such effort has not as yet been made prior to the scheduled hearing.

     Respectfully submitted,

     Higer Lichter & Givner, LLP
     18305 Biscayne Blvd., Suite 302
     Aventura, FL 33160
     Telephone: 305-933-9970
     Facsimile: 305-933-0998

     By:_____
       Michael J. Higer
       Florida Bar No. 500798
       Valorie S. Chavin
       Florida Bar No. 14226

## Higer Lichter & Givner

CASE NO.:  11-08702 CA 32

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by

U.S. Mail on this 29th day of April, 2011 to: Marc J. Gutterman, Esq., Conroy Simberg

Ganon Krevans Abel, Lurvey Morrow & Schefer, P.A., 3440 Hollywood Blvd., 2nd Floor,

Hollywood, FL 33021.

_____
Valerie S. Chavin

Higer Lichter & Givner

115103/4

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 11-08702 CA 32

WILHELM STEIN,

    Plaintiff,

v.

AMERICAN HOME
ASSURANCE COMPANY,

    Defendant.

_____/

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that Marc J. Gutterman, Esquire of the law offices of
CONROY, SIMBERG, GANON, KREVANS, ABEL, LURVEY, MORROW &
SCHEFER, P.A. hereby files this Notice of Appearance as counsel on behalf of
AMERICAN HOME ASSURANCE COMPANY, and requests that all future
correspondence and pleadings be directed to the undersigned.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to:  Michael J. Higer,
Esquire, Higer Lichter & Givner L L P, 18305 Biscayne Boulevard, Suite 402, Aventura,
FL 33180 by U.S. Mail on this 19th day of April, 2011.



CASE NO. 11-08702 CA 32
NOTICE OF APPEARANCE

CONROY, SIMBERG, GANON,
KREVANS, ABEL, LURVEY, MORROW &
SCHEFER, P.A.
Counsel for AMERICAN HOME
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
Telephone:  954.961.1400
Facsimile:  954.967.8577

By: _____
     Marc J. Gutterman, Esquire
     Florida Bar No. 118818
     Dean R Mallett, Esquire
     Florida Bar No. 0063293

2

115103/4

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 11-08702 CA 32

WILHELM STEIN

   Plaintiff,

v.

AMERICAN HOME ASSURANCE COMPANY

   Defendant.

_____/

CHARLIE HUNTER

FILED FOR RECORD 2011 APR 21 PM 2:51 CLERK CIRCUIT & COUNTY CTS MIAMI-DADE COUNTY, FLA. CIVIL DIVISION #129

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant, AMERICANE HOME ASSURANCE COMPANY (hereinafter "American Home"), through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, and responds as follows:

1.   As to Paragraph 1 of Plaintiff's Complaint, American Home admits the allegations for jurisdictional purposes only.

2.   As to Paragraph 2 of Plaintiff's Complaint, American Home is without specific knowledge, therefore denied and strict proof demanded thereof.

3.   As to Paragraph 3 of Plaintiff's Complaint, American Home admits the allegations for jurisdictional purposes only.

4.   As to Paragraph 4 of Plaintiff's Complaint, American Home admits only that it issued a Homeowner's policy of insurance, bearing policy number PCG



CASE NO. 11-08702 CA 32
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

0005447708 and effective dates of coverage from October 3, 2010 through October 3, 2011, to Wilhelm Stein for certain property located at 540 West 37ᵗʰ Street, Miami Beach, Florida.  Said policy is subject to all terms, conditions, exclusions, definitions, and deductible provisions set forth therein.  As to all other allegations, American Home denies the allegations and demands strict proof thereof.

     5.    As to Paragraph 5 of Plaintiff's Complaint, American Home admits only that it issued a Homeowner's policy of insurance, bearing policy number PCG 0005447708 and effective dates of coverage from October 3, 2010 through October 3, 2011, to Wilhelm Stein for certain property located at 540 West 37ᵗʰ Street, Miami Beach, Florida.  Said policy is subject to all terms, conditions, exclusions, definitions, and deductible provisions set forth therein.  As to all other allegations, American Home denies the allegations and demands strict proof thereof.

     6.    As to Paragraph 6 of Plaintiff's Complaint, American Home denies the allegations and demands strict proof thereof.

     7.    As to Paragraph 7 of Plaintiff's Complaint, American Home denies the allegations and demands strict proof thereof.

     8.    As to Paragraph 8 of Plaintiff's Complaint, American Home denies the allegations and demands strict proof thereof.

     9.    As to Paragraph 9 of Plaintiff's Complaint, American Home admits it acknowledged a claim made by Plaintiff and that claim number 526688 was assigned to



the loss claimed by Plaintiff for administrative purposes only.  As to all other allegations, American Home denies the allegations and demands strict proof thereof.

10.    As to Paragraph 10 of Plaintiff's Complaint, American Home admits only that Exhibit B to Plaintiff's Complaint is a true and correct copy of correspondence sent by American Home.  Said correspondence speaks for itself.  As to all other allegations, American Home denies the allegations and demands strict proof thereof.

11.    As to Paragraph 11 of Plaintiff's Complaint, American Home denies the allegations and demands strict proof thereof.  Plaintiff submitted a claim to American Home for damages not covered under the subject insurance policy.

12.    As to Paragraph 12 of Plaintiff's Complaint, American Home denies the allegations and demands strict proof thereof.  Specifically, Plaintiff failed to timely report its loss as required under the terms of the subject policy and Plaintiff presented a claim to American Home for which coverage was not provided by the subject policy.

13.    As to Paragraph 13 of Plaintiff's Complaint, American Home has no knowledge regarding any obligations incurred by Plaintiff or his motivations therefore; hence, American Home denies the allegations and demands strict proof thereof.

14.    As to Paragraph 14 of Plaintiff's Complaint, American Home denies the allegations and demands strict proof thereof.



## COUNT I
## BREACH OF CONTRACT

15.    American Home reaffirms its responses to Paragraphs 1 through 14 above as if set forth fully herein.

16.    As to Paragraph 16 of Plaintiff's Complaint, American Home denies the allegations and demands strict proof thereof.

17.    As to Paragraph 17 of Plaintiff's Complaint, American Home denies the allegations and demands strict proof thereof.

18.    As to any and all other allegations not expressly admitted herein, American Home denies the allegations and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

19.    **FIRST AFFIRMATIVE DEFENSE:**

The liability of American Home to Plaintiff, if any, is limited by the terms and conditions of the policy, including all exclusions, limitations and deductible provisions contained therein.

20.    **SECOND AFFIRMATIVE DEFENSE:**

American Home demands a set-off for any and all sources paid or payable to Plaintiff as a result of the acts or events referred to in Plaintiff's Complaint.

4



21.  **THIRD AFFIRMATIVE DEFENSE:**

Plaintiff's loss is excluded due to the following policy provision:

**D. Exclusions**

The following exclusions apply to the Part II – PROPERTY section of your policy:

…

2.  Gradual or Sudden Loss

We do not cover any loss caused by gradual deterioration, wet or dry rot, warping, smog, rust, or other corrosion. In addition, we do not cover any loss caused by inherent vice, wear and tear, mechanical breakdown or latent defect. However, we do insure ensuing covered loss unless another exclusion applies.

22.  **FOURTH AFFIRMATIVE DEFENSE:**

Plaintiff's loss is excluded due to the following policy provisions:

**PART I – DEFINITIONS**

…

**Fungi** means any type or form of fungus, including but not limited to all forms of mold or mildew, and any mycotoxins, spores, scents, vapors, gas or substance, including any by-product, produced or released by **fungi**.

…

**C. Additional Coverages**

These coverages are offered in addition to the amount of coverage shown on the Declarations Page unless stated otherwise…

…

20.  Ensuing **Fungi** or Bacteria

We will pay up to $10,000 for each **occurrence** caused by **fungi** or bacteria resulting from a covered loss, including…

**D. Exclusions**

The following exclusions apply to the Part II – PROPERTY section of your policy:

…

5



CASE NO. 11-08702 CA 32
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

3.    Fungi or Bacteria

We do not cover any loss caused by the presence, growth, proliferation, spread or any activity of **fungi** or bacteria including the cost to test for, monitor, clean up, move, remediate, contain, treat, detoxify, neutralize or in any way respond to, or assess the effects of **fungi** or bacteria.

This exclusion does not apply to:

a.    Coverage provided under PART II – PROPERTY.  Additional Coverage. Ensuing **Fungi** Or Bacteria; or...

23.    **FIFTH AFFIRMATIVE DEFENSE:**

Plaintiff's loss is excluded due to the following policy provisions:

**D. Exclusions**

The following exclusions apply to the Part II – PROPERTY section of your policy:
...
5.    Structural Movement

We do not cover any loss caused by bulging, expansion, shrinking or settling, including resultant cracking, of foundation, floors, walls, patios, pavements, ceilings or roofs.  However, we do insure ensuing covered loss unless another exclusion applies.

6.    Surface and Ground Water Damage

We do not cover any loss caused by:

a.    Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; or

b.    Water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, side walk, driveway, foundation, swimming pool or other structure.

...

6



CASE NO. 11-08702 CA 32
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

24.    **SIXTH AFFIRMATIVE DEFENSE:**

Plaintiff's loss is excluded due to the following policy provisions

**D. Exclusions**

The following exclusions apply to the Part II – PROPERTY section of your policy:

...

8.    Faulty, Inadequate or Defective Planning

We do not cover any loss caused by faulty, inadequate or defective:

a.    Planning, zoning, development, surveying, siting;
b.    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
c.    Materials used in repair, construction, renovation or remodeling; or
d.    Maintenance;

of part or all of any property whether on or off the **residence**.  However, we do insure ensuing covered los unless another exclusion applies.

25.    **SEVENTH AFFIRMATIVE DEFENSE:**

Plaintiff failed to provide timely notice of its loss and mitigate its damages,

breaching the following policy provision:

**PART IV – CONDITIONS**

...

B.    Your Duties After a Loss

In the event of an **occurrence** which is likely to involve this policy, or if you or any other **insured person** under this policy is sued in connection with an **occurrence** which may be covered under this policy, you or an **insured person** must:

1.    Give prompt notice to us or your agent or broker.

...

4.    Protect the property from further damage.  If repairs to the property are required, you must:



**CASE NO. 11-08702 CA 32**
**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

    **a.**    Make reasonable and necessary repairs to protect the property; and

    **b.**    Keep an accurate record of all repair expenses.

26.    **<u>EIGHTH AFFIRMATIVE DEFENSE</u>:**

Because Plaintiff's loss did not occur within the effective dates of the subject

policy, its loss is excluded due to the following provision:

**PART I – DEFINITIONS**
...
**Occurrence means:**

**a.**    A loss or an accident, to which this insurance applies, including continuous or
repeated exposure to substantially the same general harmful conditions, which
occurs during the Policy Period and results in **personal injury** or **property
damages**; or

...

**PART IV – CONDITIONS**
...
**C.**    Policy Period and Territory

The Policy Period is stated on the Declarations Page. This policy applies to an
**occurrence** which takes place anywhere in the world unless otherwise limited by
the policy.

27.    **<u>NINTH AFFIRMATIVE DEFENSE</u>:**

Plaintiff's loss is barred by the following policy provision:

**PART IV – CONDITIONS**
...
**L.**    Legal Action Against Us

No Action shall be brought against us unless the **insured person** has complied
with this policy's provisions, nor until the final judgment or agreement has set the



CASE NO. 11-08702 CA 32
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

amount on the **insured person's** legal obligation with us.  You also agree to bring any action against us within five (5) years after a loss occurs, but not until thirty (30) days after proof of loss has been filed and the amount of los has been determined.  No one has the right to join us in any action against any **insured person.**

28.   American Home reserves the right to assert any additional affirmative defenses upon learning of same through discovery.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to:  Michael J. Higer, Esquire, Higer Lichter & Givner L L P, 18305 Biscayne Boulevard, Suite 402, Aventura, Florida 33180 by U.S. Mail on this 20th day of April, 2011.

> CONROY, SIMBERG, GANON, *et al.*
> Counsel for AMERICAN HOME
> 3440 Hollywood Boulevard
> Second Floor
> Hollywood, Florida 33021
> Telephone:  954.961.1400
> Facsimile:   954.967.8577
>
>
> By: _____ (37483) fw
> Marc J. Gutterman, Esquire
> Florida Bar No. 118818
> Dean R. Mallett, Esquire
> Florida Bar No. 63293

9

115103/3

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 11-08702 CA 32

WILHELM STEIN,

    Plaintiff,

v.

AMERICAN HOME ASSURANCE COMPANY,

    Defemdant.

_____/

## NOTICE OF SERVICE OF INTERROGATORIES PROPOUNDED TO PLAINTIFF, WILHELM STEIN

COMES NOW, Defendant, AMERICAN HOME ASSURANCE COMPANY (hereinafter "AMERICAN HOME"), through its undersigned attorneys, pursuant to Rule 1.340, Florida Rules of Civil Procedure, and requests Plaintiff, WILHELM STEIN, to answer in writing, under oath, the attached Interrogatories numbered 1 through 2, within thirty (30) days from the date of service hereof.

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

CASE NO. 11-08702 CA 32
NOTICE OF SERVICE OF INTERROGATORIES PROPOUNDED TO PLAINTIFF, WILHELM STEIN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to:  Michael J. Higer,

Esquire, Higer Lichter & Givner L L P, 18305 Biscayne Boulevard, Suite 402, Aventura,

FL 33180 by U.S. Mail on this 20th day of April, 2011.

CONROY, SIMBERG, GANON, *et al.*
Counsel for AMERICAN HOME
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
Telephone:  954.961.1400
Facsimile:  954.967.8577


By: _____ (37483) /sv

Marc J. Gutterman, Esquire
Florida Bar No. 118818
Dean R Mallett, Esquire
Florida Bar No. 63293

2

115103/4

IN THE   COURT   OF   THE   11th
JUDICIAL   CIRCUIT   IN   AND   FOR
MIAMI DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 11-08702 CA 32

WILHELM STEIN

   Plaintiff,

v.

AMERICAN   HOME   ASSURANCE
COMPANY

   Defendant

_____/

## DEFENDANT'S MOTION TO STRIKE

COMES NOW, Defendant, AMERICAN HOME ASSURANCE COMPANY (hereinafter "American Home"), through its undersigned counsel, and hereby files this Motion To Strike, and in support thereof states as follows:

1.    Plaintiff commenced this action by filing a single count Complaint for Breach of an Insurance Contract.

2.    Attached to Plaintiff's Complaint as Exhibit A is an alleged copy of the subject insurance policy.

3.    Within the subject policy attached to the Complaint is a three-page Checklist of Coverage, PCHO CHECKLIST (10/07).

4.    This specific form is only included with the policy pursuant to Florida Statute §627.4143.

CASE NO. 11-08702 CA 32<br>
DEFENDANT'S MOTION TO STRIKE

5.    Furthermore, Florida Statute §627.4143(6) provides as follows:

> (6)   Neither this section nor the outline of coverage or checklist mandated by this section alters or modifies the terms of the insurance contract, creates a cause of action, or is admissible in any civil action.

6.    Because said form is not admissible in any civil action pursuant to Florida law, American Home respectfully requests this honorable court to strike it from the pleadings and preclude said form from being filed, entered, or referred to in any subsequent pleading, hearing or discovery forum.

WHEREFORE, for the foregoing reasons, Defendant, AMERICAN HOME ASSURANCE COMPANY respectfully requests this honorable court to enter an Order striking the Checklist of Coverage, PCHO CHECKLIST (10/07) from Plaintiff's Complaint and the record and precluding said form from being filed, entered, or referred to in any subsequent pleading, hearing or discovery forum, as well as any further relief this honorable deems just or necessary.

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

CASE NO. 11-08702 CA 32
DEFENDANT'S MOTION TO STRIKE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to: Michael J. Higer,

Esquire, Higer Lichter & Givner L L P, 18305 Biscayne Boulevard, Suite 402, Aventura,

FL 33180 by U.S. Mail on this 20th day of April, 2011.

CONROY, SIMBERG, GANON, *et al.*
Counsel for AMERICAN HOME
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
Telephone: 954.961.1400
Facsimile: 954.967.8577

By: _____ (37483) /w
Marc J. Gutterman, Esquire
Florida Bar No. 118818
Dean R Mallett, Esquire
Florida Bar No. 63293

3

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the Plaintiff or Petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075.

## I.  CASE STYLE

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

Wilhelm Stein,
**Plaintiff,**

Case # **11 – 0 8 7 0 2 CA 3 2**
Judge: _____

vs.

American Home Assurance
Company,
**Defendant**

FILED FOR RECORD
2011 MAR 21  PM 1:53
CLERK CIRCUIT COURT
DADE COUNTY FLA.
CIVIL #91

## II.  TYPE OF CASE     (If the case fits more than one type of case, select the most definitive category.)  If the most definitive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0-$50,000
  - ☐ Commercial foreclosure $50,001-$249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0-$50,000
  - ☐ Homestead residential foreclosure $50,001-$249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Nonhomestead residential foreclosure $0-$50,000
  - ☐ Nonhomestead residential foreclosure $50,001-$249,999
  - ☐ Nonhomestead residential foreclosure $250,000 or more
  - ☐ Other real property actions $0-$50,000
  - ☐ Other real property actions $50,001-$249,999
  - ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice - business
  - ☐ Malpractice - medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade regulation
  - ☐ Business transactions
  - ☐ Constitutional challenge – statute or ordinance
  - ☐ Constitutional challenge – proposed amendment
  - ☐ Corporate trusts
  - ☐ Discrimination – employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## III.  REMEDIES SOUGHT

- ☒ monetary
- ☐ nonmonetary declaratory or injunctive relief
- ☐ punative

## Higer Lichter & Givner

IV.  CAUSES OF ACTION: (specify) (1) <u>Count I – Breach of Contract</u>

V.  IS THIS CASE A CLASS ACTION LAWSUIT?
    ☐ yes
    ☒ no

VI:  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
    ☒ no
    ☐ yes.  If "yes", list all related cases by name, case number and court.

VII.  IS JURY TRIAL DEMANDED IN COMPLAINT?
    ☒ yes
    ☐ no

     I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

DATE <u>March 21, 2011</u>

                       Michael J. Higer
                       Florida Bar:  500798
                       Florida Bar: 14226
                       Valorie S. Chavin
                       Higer Lichter & Givner, LLP
                       18305 Biscayne Boulevard, Suite 302
                       Aventura, FL 33160
                       Tel: 305-933-9970

# Higer Lichter & Givner

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

WILHELM STEIN                    CASE NO.: 11-08702 CA 32

      Plaintiff,

vs.

AMERICAN HOME ASSURANCE
COMPANY,

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Pursuant to Rule 1.350 of the Florida Rules of Civil Procedures, Plaintiff, Wilhelm Stein ("Stein"), requests Defendant, American Home Assurance Company (the "Insurance Company"), to produce for inspection and copying the following documents at the offices of the undersigned or, in the alternative, that the Insurance Company mail copies of the same to the undersigned within 45 days after service hereof.

### Definitions and Instructions

A.  The term, "Stein" or "Plaintiff" means Plaintiff, Wilhelm Stein, including all of his past and present partners, employees, agents, representatives, attorneys, and any other person acting or purporting to act on his behalf.

B.  The term, "Insurance Company," means Defendant, American Home Assurance Company, including all of its past and present affiliates, subsidiaries,

1

## Higer Lichter & Givner

and parent, and all their respective officers, directors, shareholders, partners, employees, agents, representatives, attorneys, and any other person acting or purporting to act on any of their behalf.

C. The term "Policy" shall mean the policy number PCG 0005447708, which was issued by the Insurance Company and is the subject of the Complaint.

D. The term "Property" shall mean Plaintiff's property located at 540 West 37th Street, Miami Beach, Florida 33140.

E. The term, "Claim," means claim number 526688, for the loss to Plaintiff's Property.

G. "You" or "Your" shall mean Defendant, the Insurance Company, including its agents, employees or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on its behalf or for its benefit, either directly or indirectly.

H. The term "communication" means the conveyance of information or knowledge by writing, orally or otherwise and includes, but is not limited to, writings, letters, memoranda, reports, notes, telegrams, interoffice communication electronic mail, audiotapes, videotapes, and computer programs and any form of electromagnetic storage.

I. The term "document" means  and includes any kind of written, typed, electronically produced or recorded or otherwise recorded and any graphic matter,

2

### Higer Lichter & Givner

however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports, recordings of telephone or other conversations, of interviews, of conferences or of meetings, telephone messages, diaries, indices, books, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analysis, evaluations, contracts, agreements, journals, statistical records, calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access.

3

**Higer Lichter & Givner**

If any responsive information or documentation is stored on computer, then print out a hard or paper copy of such information or documentation or download such information or documentation to a floppy disk. "Document" shall also be deemed to include copies of documents even though the originals are not in your possession, custody or control; every copy of a document which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; and all attachments to any document. "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

J.   As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

K.   The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the request inclusive rather than exclusive. The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

L.   The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

M.   "Relating to" means embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in

4

**Higer Lichter & Givner**

question.

N.  If you claim that the attorney-client or other privilege or attorneys' work product doctrine is applicable to any document the identification of which is sought by these requests, then with respect to each such document, state its date, author(s), recipient(s), present and all previous custodians, location, subject matter, and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

O.  If you claim that the attorney-client or other privilege or the attorneys' work product doctrine is applicable any event or occurrence including any oral communication, the identification of which is sought by these requests, then with respect to each such event or occurrence, state its date, place and length, identify all persons present at all or any part of the event or occurrence; identify all documents that record, refer, or relate to the event or occurrence; state the subject matter of the event or occurrence; and provide sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

P.  If any document the identification of which is sought by these requests has been destroyed, then state the date and circumstances of its destruction, and identify the person who destroyed the documents and the person who ordered its destruction.

5

## Higer Lichter & Givner

### Items to be Produced

1. A certified copy of the Policy.

2. The entire claim file relating to the subject matter of this litigation, including, but not limited to, local, regional, and home office files, cover to cover, including all original jackets and everything contained within said files through the present.

3. The entire underwriting file relative to the insurance which is the subject matter of this litigation, cover to cover, including all original jackets and everything contained therein.

4. All statements taken of Plaintiff.

5. All statements taken of all independent witnesses or other persons by the Insurance Company.

6. All documents reflecting payments made by Plaintiff for the premiums for the Policy.

7. All documents reflecting communications between you and Plaintiff.

8. All photographs and videotapes of the Property.

9. All documents submitted to you by Plaintiff.

10. All documents reflecting communications between you and any insurance agent or broker or underwriter related to the Policy.

11. All diagrams, sketches and other drawings depicting the Property.

12. All reports relating to the damage to the Property.

6

## Higer Lichter & Givner

13.     All estimates relating to the damage to the Property.

14.     All documents relating to assessments as to the damage to the Property.

15.     All documents reflecting payments you have made relating to damage to the Property.

16.     All documents relating to the coverages afforded to Plaintiff by the Policy.

17.     All civil remedy notice letters filed against you within the past five (5) years.

18.     All documents sent to and received from the State of Florida, Insurance Commissioner's Office n/k/a the Department of Financial Affairs relating to the civil remedy notice letters referenced in request number 17.

19.     All documents relating to your compliance with Florida Statute §624.155, common law bad faith and/or performance of good faith duties in this matter.

20.     All documents relating to your underwriting policies in effect at the time the insured's Policy was underwritten.

21.     All documents relating to your decision not to pay Plaintiff's Claim.

22.     All documents to and from adjusters and/or appraisers relating to the Claim in this matter.

23.     Your claims manual on processing, investigating, evaluating and

7

**Higer Lichter & Givner**

payment of collapse claims.

    24.    All photographs, inspection reports or other documents relating to the condition of the insured's Property prior to Plaintiff's Claim.

    ~~25.    All photographs, inspection reports or other documents relating to the~~ condition of the insured's Property subsequent to Plaintiff's Claim.

    26.    All documents confirming the dates and times that you inspected Plaintiff's Property since the issuance of the Policy.

    27.    All documents reflecting the areas of Plaintiff's Property inspected since the issuance of the Policy.

    28.    All documents reflecting the individuals that inspected Plaintiff's Property on your behalf since the issuance of Plaintiff's Policy.

    29.    All documents reflecting who Plaintiff spoke to when the Claim was reported.

Higer Lichter & Givner, LLP
*Attorneys for Plaintiffs*
18305 Biscayne Blvd., Suite 302
Aventura, FL 33160
Telephone: 305-933-9970
Facsimile : 305-933-0998


By:_____
   Michael J. Higer
   Florida Bar No. 500798
   Valorie S. Chavin
   Florida Bar No. 14226

8

payment of collapse claims.

24.    All photographs, inspection reports or other documents relating to the condition of the insured's Property prior to Plaintiff's Claim.

25.    All photographs, inspection reports or other documents relating to the condition of the insured's Property subsequent to Plaintiff's Claim.

26.    All documents confirming the dates and times that you inspected Plaintiff's Property since the issuance of the Policy.

27.    All documents reflecting the areas of Plaintiff's Property inspected since the issuance of the Policy.

28.    All documents reflecting the individuals that inspected Plaintiff's Property on your behalf since the issuance of Plaintiff's Policy.

29.    All documents reflecting who Plaintiff spoke to when the Claim was reported.

Higer Lichter & Givner, LLP
*Attorneys for Plaintiffs*
18305 Biscayne Blvd., Suite 302
Aventura, FL 33160
Telephone: 305-933-9970
Facsimile : 305-933-0998

By:
Michael J. Higer
Florida Bar No. 500798
Valorie S. Chavin
Florida Bar No. 14226

8

**Higer Lichter & Givner**

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on this 21 day March, 2011, a true and correct copy of the foregoing Request for Production was delivered to the process server with the Summons and Complaint for service upon Defendant.

Michael J. Higer

9

**Higer Lichter & Givner**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

WILHELM STEIN                        CASE NO. 1 1 - 0 8 7 0 2 CA 3 2

    Plaintiff,

vs.

AMERICAN HOME ASSURANCE
COMPANY,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Wilhelm Stein ("Stein"), sues Defendant, American Home
Assurance Company (the "Insurance Company"), and allege:

1.      This is an action for damages in excess of $15,000, exclusive of
interest, costs, and attorneys' fees.

2.      At all material times, Stein resided and continues to reside in Miami-
Dade County, Florida.

3.      The Insurance Company is a foreign corporation licensed to do
business in Florida and is conducting business in Miami-Dade County, Florida.

4.      At all material times, Stein entered into an insurance contract with
the Insurance Company bearing policy number PCG 0005447708 (the "Policy") that
provided property insurance for Stein's property located at 540 West 37th Street,
Miami Beach, Florida 33140 (the "Property").  A copy of the Policy is attached as
Exhibit A.

1

## Higer Lichter & Givner

5.     At all material times, the Policy provided insurance coverage for the Property.

6.     On or about January 2, 2011, a collapse substantially damaged Stein's Property.

7.     The Policy provided coverage for all of the losses, damages, and expenses Stein suffered and incurred.

8.     In accordance with the terms and conditions of the Policy, Stein gave the Insurance Company prompt and timely notice of his claim.

9.     The Insurance Company acknowledged Stein's claim and assigned it claim number 526688.

10.     On March 1, 2011, the Insurance Company sent Stein a letter denying his claim and refused payment based on its denial.  A true and correct copy of the Insurance Company's denial letter is attached as Exhibit B.

11.     To date, the Insurance Company has failed and continues to refuse to fully compensate Stein for the damage to his Property.

12.     Stein has complied with all terms and conditions of the Policy and all conditions precedent to the bringing of this action have been performed, waived, or excused.

13.     Stein hired undersigned counsel to represent him in this action and is obligated to pay his attorneys a reasonable fee for their services.

14.     Pursuant to Chapter 627.428, Florida Statutes, Stein is entitled to recover the legal fees incurred in bringing this action.

2

**Higer Lichter & Givner**

## COUNT I
## BREACH OF CONTRACT

15.     Stein adopts and reallege paragraphs 1-14 above.

16.     By failing to acknowledge coverage and fully compensate Stein for the damages incurred as a result of the loss suffered to his Property, the Insurance Company has breached the Policy.

17.     As a result of the Insurance Company's breach of the Policy, Stein has suffered damages exceeding $15,000, exclusive of interest, costs and fees.

**WHEREFORE**, Stein demands entry of a judgment in his favor and against the Insurance Company for damages in excess of the jurisdictional limits of this Court, together with pre- and post-judgment interest, attorneys' fees, costs and such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable as a matter of right.

Dated: March 21, 2011.

Higer Lichter & Givner, LLP
18305 Biscayne Boulevard, Suite 302
Aventura, FL 33180
Telephone: 305-933-9970
Facsimile : 305-933-0998

By:_____
    Michael J. Higer
    Florida Bar No. 500798
    Valorie S. Chavin
    Florida Bar No. 14226

3

## Higer Lichter & Givner

# EXHIBIT A

# EXHIBIT B

**CHARTIS**

East Coast Public Adjusters, Inc.
224 Palermo Avenue
Coral Gables, FL 33134

Chartis Insurance, 10 N. Martingale, Suite 600, Schaumburg, IL 60173
Telephone 866.724.8882 // Fax 866.858.9356

Wardell Johnson
Private Client Group
305 967 3789 Telephone
866 856 9356 Facsimile
Wardell.johnson@chartisinsurance.com

**CHARTIS**

March 1, 2011

Wilhelm Stein
540 W 37th Street
Miami Beach, FL 33140

RE:  Policy Number:            5447708
     Loss Description:         Water Damage
     Claim Number:             526688
     Date of Loss:             01/02/2011
     Underwriting Company:     American Home Assurance Co

Dear Mr. Stein:

American Home Assurance Company, through Private Client Group of Chartis Insurance, has received and acknowledged your claim for damages to your home.

The loss was reported as a collapse of flooring.  To help us in evaluating your claim,  we have utilized the services of Rimkus Consulting Group, Inc., to inspect the damages and provide us with an analysis on the cause of loss.

This letter is to advise you we have completed our inspection and evaluation of your claim. Attached please find a copy of the engineering report completed by Paul R. Marsenison, P.E. of Rimkus Consulting Group. Mr. Marsenison has concluded the following in his final report:

*Section II*
*Conclusions*

*1. The deflections of the finished floor in the living room and dining room were caused by deterioration of the wooden floor joists and sub-floor decking supporting the finished floor. There were two collapsed floor joists under the living room area. The living room area should be limited to light foot traffic until the floor can be shored, or the collapsed floor joists can be replaced.*

*2. Water vapor from the elevated moisture environment within the crawlspace condensed on the wood joists and underside of the sub-floor decking and caused the wood floor framing to deteriorate. Based on our observations, we conclude that the advanced level of deterioration observed on the wood floor joists was indicative of repeated exposure to moisture for more than three years.*

Chartis
701 Brickell Avenue
Suite 2300
Miami, FL 33131
www.chartisinsurance.com

3. *The source of the elevated moisture environment in the crawlspace was transpiration of moisture from the soil, and stormwater runoff that infiltrated into the crawlspace. The elevated moisture environment in the crawlspace was exacerbated by not having sufficient crawlspace ventilation, lack of an adequate moisture barrier on the exterior of the stem wall, and lack of an adequate moisture barrier in the crawlspace.*

The policy of insurance provides coverage for damages resulting from a covered cause of loss that occurs during the policy period; per the following taken in pertinent part from the policy:

### PART I – DEFINITIONS

*Words with special meanings are defined here or in the part of the policy where they are used. . . .*

*Occurrence means:*

*a. A loss or an accident, to which this insurance applies, including continuous or repeated exposure to substantially the same general harmful conditions, which occurs during the Policy Period and results in personal injury or property damage; or*

*b. An offense, to which this insurance applies, including a series of related offenses, committed during the Policy Period that results in personal injury or property damage.*

### PART II – PROPERTY

*A. Insuring Agreement*
*This policy covers you against all risks of direct physical loss or damage to your house, contents and other permanent structures unless an exclusion applies.*

Based on our investigation into this claim matter, we have concluded the collapse damage and/or deterioration damage resulting from the lack of crawlspace ventilation and humidity would not be covered under your policy. Therefore, any costs to repair your home to correct the ventilation problem and/or deteriorated wood due to the extremes of temperature would not be covered per the following taken in pertinent part from your policy form PCHO-FL (12/07):

*D. Exclusions*

*The following exclusions apply to the Part II- PROPERTY section of your policy:*

*2. Gradual or Sudden Loss*
*We do not cover any loss caused by gradual deterioration, wet or dry rot, warping, smog, rust, or other corrosion. In addition, we do not cover any loss caused by inherent vice, wear and tear, mechanical breakdown or latent defect. However, we do insure ensuing covered loss unless another exclusion applies.*

*8. Faulty, Inadequate or Defective Planning*
*We do not cover any loss caused by faulty, inadequate or defective:*
   *a. Planning, zoning, development, surveying, siting;*

*b. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
*c. Materials used in repair, construction, renovation or remodeling; or*
*d. Maintenance;*
*of part or all of any property whether on or off the residence.  However, we do insure ensuing covered loss unless another exclusion applies.*

*16. Temperature or Dampness*
*We do not cover any loss caused by extremes of temperature or dampness, dryness of atmosphere or water vapor to your house, other permanent structures or contents:*

*This exclusion does not apply to:*

*a.  Loss caused directly by rain, sleet, snow or hail; or*
*b.  Coverage provided under PART II – PROPERTY, Additional Coverage, Flood Spoilage.*

Regretfully, American Home Assurance Company is unable to provide coverage for your claim based on the above-referenced policy language.

Neither this letter nor the company's actions in investigating the claim are meant nor should be construed by you as a waiver or modification of any of the terms or conditions of the policy. American Home Assurance Company does not intend to, nor does it waive any term, condition, right, definition, exclusion, endorsement, limitation or defense under the policy or as provided by law.  All rights remain reserved under the policy for these and other questions of coverage that may arise during the investigation.  Your rights are also reserved under the policy.

While I recognize no payment has been made in the matter I do hope you have been completely satisfied with the level of our claim service. Enclosed is our Claim Satisfaction Survey. Please take the time to complete the survey to let us know how our service met your expectations.

Should you be in possession of additional information which you feel has a bearing on our coverage determination please forward it to my attention for additional consideration. If you have any questions or would like to discuss this claim further please do not hesitate to call me on my mobile number (305) 967-3789 or you may contact me by E-mail at: Wardell.johnson@chartisinsurance .com.

Sincerely,

*Wardell Johnson*

Wardell Johnson
General Adjuster
Private Client Group on Behalf of American Home Assurance Co.

Attachment:  Rimkus engineer's report

cc: Alliant Insurance SVcs Inc. 1050 Wilshire Drive, Suite 210, Troy, MI 48084

East Coast Public Adjusters, Inc. – 224 Palermo Avenue, Coral Gables, FL 33134

115103/3

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 11-08702 CA 32

WILHELM STEIN,

    Plaintiff,

v.

AMERICAN HOME ASSURANCE
COMPANY,

    Defemdant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

COMES NOW, Defendant, AMERICAN HOME ASSURANCE COMPANY (hereinafter "American Home"), through its undersigned counsel, and hereby files its Response to Plaintiffs' First Request for Production, and responds as follows:

1.    Attached as **Exhibit "A."**

2.    Objection.  This Request is vague, overbroad, seeks documents protected by work-product privilege, and/or protected as a trade secret or proprietary in nature, and/or is not relevant or reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause.  The request solely concerns issues relevant to "bad faith" conduct, which has not, and cannot be brought, in breach of contract

litigation. <u>Illinois Nat. Ins. Co. v. Bolen</u>, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008)("It is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined."); <u>American Home Assur. Co. v. Vreeland</u>, 973 So.2d 668 (Fla. 2d DCA 2008). Furthermore, under Florida law, discovery which concerns only potential issues of bad faith or other purported improprieties in defending an insurance claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage. <u>Granada Ins. Co. v. Ricks</u>, 12 So.3d 276 (Fla. 3d DCA 2009); <u>Allstate Ins. Co. v. Langston</u>, 655 So.2d 91, 94 (Fla. 1995)(recognizing that "discovery request [for]—internal procedural memos, claims manuals, and standards for proper investigation of claims—do, as the district court noted, appear irrelevant"); <u>GEICO v. Rodriguez</u>, 960 So.2d 794, 796 (Fla. 3d DCA 2007)(quashing discovery order requiring insurer to produce documents regarding its policies and practices regarding the handling of claims in a coverage action); <u>State Farm Fla. Ins. Co. v. Gallmon</u>, 835 So.2d 389, 390 (Fla. 2d DCA 2003)(quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute); <u>Am. Bankers Ins. Co. of Fla. v. Wheeler</u>, 711 So.2d 1347, 1348 (Fla. 5th DCA 1998)(holding that when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims handling manuals and materials.).

2

3.      Objection.  This Request is vague, overbroad, seeks documents protected by work-product privilege, and/or protected as a trade secret or proprietary in nature, and/or is not relevant or reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause.  The request solely concerns issues relevant to "bad faith" conduct, which has not, and cannot be brought, in breach of contract litigation.  Illinois Nat. Ins. Co. v. Bolen, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008)("It is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined."); American Home Assur. Co. v. Vreeland, 973 So.2d 668 (Fla. 2d DCA 2008); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633 (Fla. 2d DCA 2008)(insurer's underwriting file not subject to discovery until insurer's liability was established); State Farm Florida Ins. Co. v. Kramer, 41 So.3d 313 (Fla. 4th DCA 2010)(same).  Furthermore, under Florida law, discovery which concerns only potential issues of bad faith or other purported improprieties in defending an insurance claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage.  Granada Ins. Co. v. Ricks, 12 So.3d 276 (Fla. 3d DCA 2009); Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995)(recognizing that "discovery request [for]— internal procedural memos, claims manuals, and standards for proper investigation of claims—do, as the district court noted, appear irrelevant"); GEICO v. Rodriguez, 960 So.2d 794, 796 (Fla. 3d DCA 2007)(quashing discovery order requiring insurer to

CASE NO. 11-08702 CA 32
DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

produce documents regarding its policies and practices regarding the handling of claims in a coverage action); State Farm Fla. Ins. Co. v. Gallmon, 835 So.2d 389, 390 (Fla. 2d DCA 2003)(quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute); Am. Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347, 1348 (Fla. 5th DCA 1998)(holding that when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims handling manuals and materials.).

4.      None, other than those contained in the February 24, 2011 report by Rimkus Consulting Group, Inc., produced herewith in Exhibit "C."

5.      None, other than those contained in the February 24, 2011 report by Rimkus Consulting Group, Inc., produced herewith in Exhibit "C."

6.      Objection. This Request is vague, overbroad, and seeks documents which are neither relevant nor reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause.

7.      Attached hereto as **Exhibit "B."**

8.      Attached hereto as **Exhibit "C."**

9.      Please refer to Exhibit "B."

10.     Objection. This Request is vague, overbroad, seeks documents protected by work-product privilege, and/or protected as a trade secret or proprietary in nature,

4

and/or is not relevant or reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause.  The request solely concerns issues relevant to "bad faith" conduct, which has not, and cannot be brought, in breach of contract litigation.  Illinois Nat. Ins. Co. v. Bolen, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008)("It is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined."); American Home Assur. Co. v. Vreeland, 973 So.2d 668 (Fla. 2d DCA 2008); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633 (Fla. 2d DCA 2008)(insurer's underwriting file not subject to discovery until insurer's liability was established); State Farm Florida Ins. Co. v. Kramer, 41 So.3d 313 (Fla. 4th DCA 2010)(same).  Furthermore, under Florida law, discovery which concerns only potential issues of bad faith or other purported improprieties in defending an insurance claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage.  Granada Ins. Co. v. Ricks, 12 So.3d 276 (Fla. 3d DCA 2009); Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995)(recognizing that "discovery request [for]— internal procedural memos, claims manuals, and standards for proper investigation of claims—do, as the district court noted, appear irrelevant"); GEICO v. Rodriguez, 960 So.2d 794, 796 (Fla. 3d DCA 2007)(quashing discovery order requiring insurer to produce documents regarding its policies and practices regarding the handling of claims in a coverage action); State Farm Fla. Ins. Co. v. Gallmon, 835 So.2d 389, 390 (Fla. 2d

DCA 2003)(quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute); <u>Am. Bankers Ins. Co. of Fla. v. Wheeler</u>, 711 So.2d 1347, 1348 (Fla. 5th DCA 1998)(holding that when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims handling manuals and materials.).

     11.    Please refer to Exhibits "B" and "C."

     12.    Please refer to Exhibits "B" and "C."

     13.    Please refer to Exhibits "B" and "C."

     14.    Please refer to Exhibits "B" and "C."

     15.    Objection.  This request is vague and overbroad.  No payments have been made to Mr. Stein.

     16.    Objection.  This request is vague and overbroad.  Please refer to Exhibit "A."

     17.    Objection.  This Request is vague, overbroad, seeks documents protected by work-product privilege, and/or protected as a trade secret or proprietary in nature, and/or is not relevant or reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause.  The request solely concerns issues relevant to "bad faith" conduct, which has not, and cannot be brought, in breach of contract litigation.  <u>Illinois Nat. Ins. Co. v. Bolen</u>, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008)("It

is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined."); American Home Assur. Co. v. Vreeland, 973 So.2d 668 (Fla. 2d DCA 2008); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633 (Fla. 2d DCA 2008)(insurer's underwriting file not subject to discovery until insurer's liability was established); State Farm Florida Ins. Co. v. Kramer, 41 So.3d 313 (Fla. 4th DCA 2010)(same). Furthermore, under Florida law, discovery which concerns only potential issues of bad faith or other purported improprieties in defending an insurance claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage. Granada Ins. Co. v. Ricks, 12 So.3d 276 (Fla. 3d DCA 2009); Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995)(recognizing that "discovery request [for]— internal procedural memos, claims manuals, and standards for proper investigation of claims—do, as the district court noted, appear irrelevant"); GEICO v. Rodriguez, 960 So.2d 794, 796 (Fla. 3d DCA 2007)(quashing discovery order requiring insurer to produce documents regarding its policies and practices regarding the handling of claims in a coverage action); State Farm Fla. Ins. Co. v. Gallmon, 835 So.2d 389, 390 (Fla. 2d DCA 2003)(quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute); Am. Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347, 1348 (Fla. 5th DCA 1998)(holding that when the issue of coverage has not been determined, it is a departure

7

CASE NO. 11-08702 CA 32
DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

from the essential requirements of the law to order disclosure of the insurer's claims handling manuals and materials.). Any information related to other insured's claims against American Home is not relevant in a breach of contract action brought by Mr. Stein.

18.    Objection.  This Request is vague, overbroad, seeks documents protected by work-product privilege, and/or protected as a trade secret or proprietary in nature, and/or is not relevant or reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause.  The request solely concerns issues relevant to "bad faith" conduct, which has not, and cannot be brought, in breach of contract litigation. Illinois Nat. Ins. Co. v. Bolen, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008)("It is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined."); American Home Assur. Co. v. Vreeland, 973 So.2d 668 (Fla. 2d DCA 2008); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633 (Fla. 2d DCA 2008)(insurer's underwriting file not subject to discovery until insurer's liability was established); State Farm Florida Ins. Co. v. Kramer, 41 So.3d 313 (Fla. 4th DCA 2010)(same).  Furthermore, under Florida law, discovery which concerns only potential issues of bad faith or other purported improprieties in defending an insurance claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage. Granada Ins. Co. v. Ricks, 12 So.3d 276 (Fla. 3d DCA 2009); Allstate Ins. Co.

8

v. Langston, 655 So.2d 91, 94 (Fla. 1995)(recognizing that "discovery request [for]—internal procedural memos, claims manuals, and standards for proper investigation of claims—do, as the district court noted, appear irrelevant"); GEICO v. Rodriguez, 960 So.2d 794, 796 (Fla. 3d DCA 2007)(quashing discovery order requiring insurer to produce documents regarding its policies and practices regarding the handling of claims in a coverage action); State Farm Fla. Ins. Co. v. Gallmon, 835 So.2d 389, 390 (Fla. 2d DCA 2003)(quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute); Am. Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347, 1348 (Fla. 5th DCA 1998)(holding that when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims handling manuals and materials.).   Any information related to other insured's claims against American Home is not relevant in a breach of contract action brought by Mr. Stein.

19.     Objection.   This Request is vague, overbroad, seeks documents protected by work-product privilege, and/or protected as a trade secret or proprietary in nature, and/or is not relevant or reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause.   The request solely concerns issues relevant to "bad faith" conduct, which has not, and cannot be brought, in breach of contract litigation.   Illinois Nat. Ins. Co. v. Bolen, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008)("It

9

is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined."); American Home Assur. Co. v. Vreeland, 973 So.2d 668 (Fla. 2d DCA 2008); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633 (Fla. 2d DCA 2008)(insurer's underwriting file not subject to discovery until insurer's liability was established); State Farm Florida Ins. Co. v. Kramer, 41 So.3d 313 (Fla. 4th DCA 2010)(same). Furthermore, under Florida law, discovery which concerns only potential issues of bad faith or other purported improprieties in defending an insurance claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage. Granada Ins. Co. v. Ricks, 12 So.3d 276 (Fla. 3d DCA 2009); Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995)(recognizing that "discovery request [for]— internal procedural memos, claims manuals, and standards for proper investigation of claims—do, as the district court noted, appear irrelevant"); GEICO v. Rodriguez, 960 So.2d 794, 796 (Fla. 3d DCA 2007)(quashing discovery order requiring insurer to produce documents regarding its policies and practices regarding the handling of claims in a coverage action); State Farm Fla. Ins. Co. v. Gallmon, 835 So.2d 389, 390 (Fla. 2d DCA 2003)(quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute); Am. Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347, 1348 (Fla. 5th DCA 1998)(holding that when the issue of coverage has not been determined, it is a departure

10

from the essential requirements of the law to order disclosure of the insurer's claims handling manuals and materials.).

20.     Objection.  This Request is vague, overbroad, seeks documents protected by work-product privilege, and/or protected as a trade secret or proprietary in nature, and/or is not relevant or reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause.  The request solely concerns issues relevant to "bad faith" conduct, which has not, and cannot be brought, in breach of contract litigation. Illinois Nat. Ins. Co. v. Bolen, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008)("It is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined."); American Home Assur. Co. v. Vreeland, 973 So.2d 668 (Fla. 2d DCA 2008); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633 (Fla. 2d DCA 2008)(insurer's underwriting file not subject to discovery until insurer's liability was established); State Farm Florida Ins. Co. v. Kramer, 41 So.3d 313 (Fla. 4th DCA 2010)(same).  Furthermore, under Florida law, discovery which concerns only potential issues of bad faith or other purported improprieties in defending an insurance claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage. Granada Ins. Co. v. Ricks, 12 So.3d 276 (Fla. 3d DCA 2009); Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995)(recognizing that "discovery request [for]— internal procedural memos, claims manuals, and standards for proper investigation of

11

claims—do, as the district court noted, appear irrelevant"); GEICO v. Rodriguez, 960 So.2d 794, 796 (Fla. 3d DCA 2007)(quashing discovery order requiring insurer to produce documents regarding its policies and practices regarding the handling of claims in a coverage action); State Farm Fla. Ins. Co. v. Gallmon, 835 So.2d 389, 390 (Fla. 2d DCA 2003)(quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute); Am. Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347, 1348 (Fla. 5[th] DCA 1998)(holding that when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims handling manuals and materials.).

21.     Objection.  This Request is vague, overbroad, seeks documents protected by work-product privilege, and/or protected as a trade secret or proprietary in nature, and/or is not relevant or reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause. The request solely concerns issues relevant to "bad faith" conduct, which has not, and cannot be brought, in breach of contract litigation. Illinois Nat. Ins. Co. v. Bolen, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008)("It is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined."); American Home Assur. Co. v. Vreeland, 973 So.2d 668 (Fla. 2d DCA 2008); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633 (Fla. 2d DCA

12

2008)(insurer's underwriting file not subject to discovery until insurer's liability was established); State Farm Florida Ins. Co. v. Kramer, 41 So.3d 313 (Fla. 4th DCA 2010)(same). Furthermore, under Florida law, discovery which concerns only potential issues of bad faith or other purported improprieties in defending an insurance claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage. Granada Ins. Co. v. Ricks, 12 So.3d 276 (Fla. 3d DCA 2009); Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995)(recognizing that "discovery request [for]—internal procedural memos, claims manuals, and standards for proper investigation of claims—do, as the district court noted, appear irrelevant"); GEICO v. Rodriguez, 960 So.2d 794, 796 (Fla. 3d DCA 2007)(quashing discovery order requiring insurer to produce documents regarding its policies and practices regarding the handling of claims in a coverage action); State Farm Fla. Ins. Co. v. Gallmon, 835 So.2d 389, 390 (Fla. 2d DCA 2003)(quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute); Am. Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347, 1348 (Fla. 5th DCA 1998)(holding that when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims handling manuals and materials.). Without waiving said objection, please refer to Exhibits "A," "B," and "C."

22.    Objection.  This Request is vague, overbroad, seeks documents protected by work-product privilege, and/or protected as a trade secret or proprietary in nature, and/or is not relevant or reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause.  The request solely concerns issues relevant to "bad faith" conduct, which has not, and cannot be brought, in breach of contract litigation.  Illinois Nat. Ins. Co. v. Bolen, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008)("It is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined."); American Home Assur. Co. v. Vreeland, 973 So.2d 668 (Fla. 2d DCA 2008); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633 (Fla. 2d DCA 2008)(insurer's underwriting file not subject to discovery until insurer's liability was established); State Farm Florida Ins. Co. v. Kramer, 41 So.3d 313 (Fla. 4th DCA 2010)(same).  Furthermore, under Florida law, discovery which concerns only potential issues of bad faith or other purported improprieties in defending an insurance claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage.  Granada Ins. Co. v. Ricks, 12 So.3d 276 (Fla. 3d DCA 2009); Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995)(recognizing that "discovery request [for]— internal procedural memos, claims manuals, and standards for proper investigation of claims—do, as the district court noted, appear irrelevant"); GEICO v. Rodriguez, 960 So.2d 794, 796 (Fla. 3d DCA 2007)(quashing discovery order requiring insurer to

produce documents regarding its policies and practices regarding the handling of claims in a coverage action); State Farm Fla. Ins. Co. v. Gallmon, 835 So.2d 389, 390 (Fla. 2d DCA 2003)(quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute); Am. Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347, 1348 (Fla. 5th DCA 1998)(holding that when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims handling manuals and materials.).   Without waiving said objection, please refer to Exhibits "A," "B," and "C."

      23.    Objection.  This Request is vague, overbroad, seeks documents protected by work-product privilege, and/or protected as a trade secret or proprietary in nature, and/or is not relevant or reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause.  The request solely concerns issues relevant to "bad faith" conduct, which has not, and cannot be brought, in breach of contract litigation.  Illinois Nat. Ins. Co. v. Bolen, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008)("It is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined."); American Home Assur. Co. v. Vreeland, 973 So.2d 668 (Fla. 2d DCA 2008); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633 (Fla. 2d DCA 2008)(insurer's underwriting file not subject to discovery until insurer's liability was

established); State Farm Florida Ins. Co. v. Kramer, 41 So.3d 313 (Fla. 4th DCA 2010)(same).  Furthermore, under Florida law, discovery which concerns only potential issues of bad faith or other purported improprieties in defending an insurance claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage.  Granada Ins. Co. v. Ricks, 12 So.3d 276 (Fla. 3d DCA 2009); Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995)(recognizing that "discovery request [for]— internal procedural memos, claims manuals, and standards for proper investigation of claims—do, as the district court noted, appear irrelevant"); GEICO v. Rodriguez, 960 So.2d 794, 796 (Fla. 3d DCA 2007)(quashing discovery order requiring insurer to produce documents regarding its policies and practices regarding the handling of claims in a coverage action); State Farm Fla. Ins. Co. v. Gallmon, 835 So.2d 389, 390 (Fla. 2d DCA 2003)(quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute); Am. Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347, 1348 (Fla. 5th DCA 1998)(holding that when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims handling manuals and materials.).

24.    Plaintiff has not provided any such evidence at this stage of discovery.  To the extent such requested documentation is contained solely within an underwriting file maintained by Defendant, Objection.  This Request is vague, overbroad, seeks documents

16

protected by work-product privilege, and/or protected as a trade secret or proprietary in nature, and/or is not relevant or reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause. The request solely concerns issues relevant to "bad faith" conduct, which has not, and cannot be brought, in breach of contract litigation. Illinois Nat. Ins. Co. v. Bolen, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008)("It is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined."); American Home Assur. Co. v. Vreeland, 973 So.2d 668 (Fla. 2d DCA 2008); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633 (Fla. 2d DCA 2008)(insurer's underwriting file not subject to discovery until insurer's liability was established); State Farm Florida Ins. Co. v. Kramer, 41 So.3d 313 (Fla. 4th DCA 2010)(same). Furthermore, under Florida law, discovery which concerns only potential issues of bad faith or other purported improprieties in defending an insurance claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage. Granada Ins. Co. v. Ricks, 12 So.3d 276 (Fla. 3d DCA 2009); Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995)(recognizing that "discovery request [for]— internal procedural memos, claims manuals, and standards for proper investigation of claims—do, as the district court noted, appear irrelevant"); GEICO v. Rodriguez, 960 So.2d 794, 796 (Fla. 3d DCA 2007)(quashing discovery order requiring insurer to produce documents regarding its policies and practices regarding the handling of claims

17

in a coverage action); State Farm Fla. Ins. Co. v. Gallmon, 835 So.2d 389, 390 (Fla. 2d DCA 2003)(quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute); Am. Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347, 1348 (Fla. 5th DCA 1998)(holding that when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims handling manuals and materials.).

25.    Please refer to Exhibits "B" and "C."

26.    Please refer to Exhibits "B" and "C."  To the extent this request calls for information preceding the date of loss reported by Plaintiff, Objection.  This Request is vague, overbroad, seeks documents protected by work-product privilege, and/or protected as a trade secret or proprietary in nature, and/or is not relevant or reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause.  The request solely concerns issues relevant to "bad faith" conduct, which has not, and cannot be brought, in breach of contract litigation.  Illinois Nat. Ins. Co. v. Bolen, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008)("It is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined."); American Home Assur. Co. v. Vreeland, 973 So.2d 668 (Fla. 2d DCA 2008); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633 (Fla. 2d DCA 2008)(insurer's underwriting file not subject to discovery until

18

insurer's liability was established); State Farm Florida Ins. Co. v. Kramer, 41 So.3d 313 (Fla. 4th DCA 2010)(same). Furthermore, under Florida law, discovery which concerns only potential issues of bad faith or other purported improprieties in defending an insurance claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage. Granada Ins. Co. v. Ricks, 12 So.3d 276 (Fla. 3d DCA 2009); Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995)(recognizing that "discovery request [for]—internal procedural memos, claims manuals, and standards for proper investigation of claims—do, as the district court noted, appear irrelevant"); GEICO v. Rodriguez, 960 So.2d 794, 796 (Fla. 3d DCA 2007)(quashing discovery order requiring insurer to produce documents regarding its policies and practices regarding the handling of claims in a coverage action); State Farm Fla. Ins. Co. v. Gallmon, 835 So.2d 389, 390 (Fla. 2d DCA 2003)(quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute); Am. Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347, 1348 (Fla. 5th DCA 1998)(holding that when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims handling manuals and materials.).

27.     Please refer to Exhibits "B" and "C." To the extent this request calls for information preceding the date of loss reported by Plaintiff, Objection. This Request is vague, overbroad, seeks documents protected by work-product privilege, and/or protected

19

as a trade secret or proprietary in nature, and/or is not relevant or reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause.  The request solely concerns issues relevant to "bad faith" conduct, which has not, and cannot be brought, in breach of contract litigation.  Illinois Nat. Ins. Co. v. Bolen, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008)("It is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined."); American Home Assur. Co. v. Vreeland, 973 So.2d 668 (Fla. 2d DCA 2008); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633 (Fla. 2d DCA 2008)(insurer's underwriting file not subject to discovery until insurer's liability was established); State Farm Florida Ins. Co. v. Kramer, 41 So.3d 313 (Fla. 4th DCA 2010)(same).  Furthermore, under Florida law, discovery which concerns only potential issues of bad faith or other purported improprieties in defending an insurance claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage.  Granada Ins. Co. v. Ricks, 12 So.3d 276 (Fla. 3d DCA 2009); Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995)(recognizing that "discovery request [for]—internal procedural memos, claims manuals, and standards for proper investigation of claims—do, as the district court noted, appear irrelevant"); GEICO v. Rodriguez, 960 So.2d 794, 796 (Fla. 3d DCA 2007)(quashing discovery order requiring insurer to produce documents regarding its policies and practices regarding the handling of claims in a coverage action); State Farm Fla. Ins. Co. v. Gallmon, 835 So.2d 389, 390

20

(Fla. 2d DCA 2003)(quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute); Am. Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347, 1348 (Fla. 5th DCA 1998)(holding that when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims handling manuals and materials.).

28.     Please refer to Exhibits "B" and "C."  To the extent this request calls for information preceding the date of loss reported by Plaintiff, Objection.  This Request is vague, overbroad, seeks documents protected by work-product privilege, and/or protected as a trade secret or proprietary in nature, and/or is not relevant or reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause.  The request solely concerns issues relevant to "bad faith" conduct, which has not, and cannot be brought, in breach of contract litigation.  Illinois Nat. Ins. Co. v. Bolen, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008)("It is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined."); American Home Assur. Co. v. Vreeland, 973 So.2d 668 (Fla. 2d DCA 2008); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633 (Fla. 2d DCA 2008)(insurer's underwriting file not subject to discovery until insurer's liability was established); State Farm Florida Ins. Co. v. Kramer, 41 So.3d 313 (Fla. 4th DCA 2010)(same).  Furthermore, under Florida law, discovery which concerns

21

only potential issues of bad faith or other purported improprieties in defending an insurance claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage. Granada Ins. Co. v. Ricks, 12 So.3d 276 (Fla. 3d DCA 2009); Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995)(recognizing that "discovery request [for]—internal procedural memos, claims manuals, and standards for proper investigation of claims—do, as the district court noted, appear irrelevant"); GEICO v. Rodriguez, 960 So.2d 794, 796 (Fla. 3d DCA 2007)(quashing discovery order requiring insurer to produce documents regarding its policies and practices regarding the handling of claims in a coverage action); State Farm Fla. Ins. Co. v. Gallmon, 835 So.2d 389, 390 (Fla. 2d DCA 2003)(quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute); Am. Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347, 1348 (Fla. 5th DCA 1998)(holding that when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims handling manuals and materials.).

29.    Objection.  This Request is vague, overbroad, seeks documents protected by work-product privilege, and/or protected as a trade secret or proprietary in nature, and/or is not relevant or reasonably calculated to lead to evidence admissible at trial and/or material to the issues in this cause. The request solely concerns issues relevant to "bad faith" conduct, which has not, and cannot be brought, in breach of contract

litigation. Illinois Nat. Ins. Co. v. Bolen, 997 So.2d 1194, 1196 (Fla. 5th DCA 2008)("It is well-established that an insurer's claims file constitutes work-product and is not subject to discovery until the insurer's obligation to provide coverage and benefits is determined."); American Home Assur. Co. v. Vreeland, 973 So.2d 668 (Fla. 2d DCA 2008); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633 (Fla. 2d DCA 2008)(insurer's underwriting file not subject to discovery until insurer's liability was established); State Farm Florida Ins. Co. v. Kramer, 41 So.3d 313 (Fla. 4th DCA 2010)(same). Furthermore, under Florida law, discovery which concerns only potential issues of bad faith or other purported improprieties in defending an insurance claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage. Granada Ins. Co. v. Ricks, 12 So.3d 276 (Fla. 3d DCA 2009); Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995)(recognizing that "discovery request [for]—internal procedural memos, claims manuals, and standards for proper investigation of claims—do, as the district court noted, appear irrelevant"); GEICO v. Rodriguez, 960 So.2d 794, 796 (Fla. 3d DCA 2007)(quashing discovery order requiring insurer to produce documents regarding its policies and practices regarding the handling of claims in a coverage action); State Farm Fla. Ins. Co. v. Gallmon, 835 So.2d 389, 390 (Fla. 2d DCA 2003)(quashing order compelling the insurer to produce company policies and manuals as these items were irrelevant and/or privileged work product in a coverage dispute); Am. Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347, 1348 (Fla. 5[th] DCA

23

1998)(holding that when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims handling manuals and materials.).   In a breach of contract action, the only relevant inquiry is whether the insurance company breached the policy of insurance, rather than the persons or entities involved in the decision-making process and claims investigation.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to:  Michael J. Higer, Esquire, Higer Lichter & Givner L L P, 18305 Biscayne Boulevard, Suite 402, Aventura, FL 33180 by U.S. Mail on this _20_ day of __May__, 2011.

> CONROY, SIMBERG, GANON, *et al.*
> Counsel for
> 3440 Hollywood Boulevard
> Second Floor
> Hollywood, FL 33021
> Telephone: 954.961.1400
> Facsimile: 954.967.8577
>
> By: _____
> Marc J. Gutterman, Esquire
> Florida Bar No. 118818
> Dean R Mallett, Esquire
> Florida Bar No. 63293

24

# Exhibit "A"

# Exhibit "B"